IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA P.[1]**, <br><br>                    Plaintiff, <br><br>          v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br>                    Defendant. | Case No. 6:21-cv-1406-SI <br><br> **OPINION AND ORDER** |

Kevin Kerr, KERR, ROBICHAUX & CARROLL, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Plaintiff Patricia P. (Plaintiff) brings this appeal to challenge the decision of the Commissioner of the Social Security Administration (Commissioner) denying applications for

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (Act). The Court has jurisdiction to hear this appeal under 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB and SSI on June 29, 2018, alleging disability beginning on May 10, 2018. AR 13. Plaintiff was born on October 18, 1969. AR 207. Thus, Plaintiff was 48 years old as of her alleged disability onset date. In her application, Plaintiff alleged that she is a diabetic, suffers from neuropathy, has chronic pain in her extremities, suffers nerve damage in her right leg, and has fibromyalgia, depression, and anxiety with panic attacks. AR 210. The Commissioner denied Plaintiff's applications initially on May 13, 2019, and again upon reconsideration in April 3, 2020. AR 13. Plaintiff later requested a hearing before an Administrative Law Judge (ALJ).

On January 13, 2021, Plaintiff attended a telephone hearing. *Id.* The ALJ issued a decision denying Plaintiff's claim for benefits in March 2021. AR 10. Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review. AR 1. Accordingly, the ALJ's decision is the final decision of the agency and Plaintiff seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

>significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

As a preliminary step for Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status requirements through December 31, 2020. AR 15. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 10, 2018, the alleged disability onset date. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease status post lumbar fusion at L5-S1; diabetic polyneuropathy affecting the bilateral lower extremities; coronary artery disease status post ST elevation myocardial infarction; and right carpel tunnel syndrome and mild ulnar neuropathy. AR 16. At step three, the ALJ found that Plaintiff did not have an impairment or

PAGE 5 – OPINION AND ORDER

combination of impairments that met or medically equaled one of the impairments listed in the regulations. AR 18.

The ALJ next determined Plaintiff's RFC. The ALJ concluded that Plaintiff could "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" with the following additional limitations:

> [Plaintiff] could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, crouch, crawl, and kneel. She could frequently reach overhead with the right upper extremity. She could frequently finger and handle with the right upper extremity. The claimant should have no more than occasional exposure to extremes of cold and hot, wetness, humidity, and workplace vibration. She should have no exposure to workplace hazards. She should be able to change position between sitting and standing *in order to sit up to 6 hours in an 8-hour day*.

AR 19 (emphasis added). At step four, the ALJ found that Plaintiff cannot perform any past relevant work. AR 27.

At step five, based on the testimony of a vocational expert (VE), the ALJ identified six jobs in the national economy that Plaintiff could perform based on her age, education, work experience, and RFC. AR 28-29. The jobs that the ALJ identified relied on a hypothetical given to the VE at the hearing on January 13, 2021, indicating that Plaintiff "could stand or walk up to four hours in an eight-hour day." AR 55. The ALJ thus concluded that Plaintiff was not disabled.

## DISCUSSION

Plaintiff argues that the RFC's sit/stand positional requirement, along with its maximum of six hours sitting, limits Plaintiff to a maximum of two hours standing. Plaintiff contends that this limitation was not included in the hypothetical given to the VE and, because Plaintiff turned 50 years of age during the adjudicatory period, renders the jobs found by the VE and adopted by the ALJ improper. Plaintiff argues that the ALJ committed harmful error at step five.

Plaintiff's contentions of step five error turn on whether the RFC does, in fact, limit Plaintiff to a maximum of two hours standing.

Plaintiff contends that the RFC limits Plaintiff to standing no more than two hours during an eight-hour day. Plaintiff misconstrues the RFC. The RFC requires that Plaintiff be allowed to change positions between sitting and standing or walking so that Plaintiff can sit "up to" six hours in an eight-hour day. By its plain meaning, this allows Plaintiff to sit for less than six hours, for example, two, four, or six hours in a day. The remaining time would then be standing or walking, which could be six, four, or two hours. There is no two-hour maximum standing limit in the RFC. *See Donnie Y. v. Comm'r, Soc. Sec. Admin.*, 2021 WL 4442935, at *3 (D. Or. Sept. 28, 2021) (rejecting the identical argument Plaintiff raises here for an RFC that included a similar limitation of sitting "up to" six hours, explaining that "[a] 6-hour sitting limitation does not imply a 2-hour standing and walking limitation"). As the ALJ in *Donnie Y* explained when asked by the VE in the hearing in that case, a sitting limitation of "up to" six hours means a claimant can stand or walk for two hours "or more." *Id.*

Plaintiff's argument ignores the "up to" in the RFC's sitting limitation. Plaintiff does not explain what she would be doing for the more than two remaining hours other than standing or walking if she sat less than six hours, which is allowed in a limitation that includes "up to" a *maximum* time. She reads the RFC as requiring her to sit for exactly six hours, which is not what the RFC provides.

Plaintiff also relies on the fact that the ALJ changed the hypothetical to the VE at the hearing. But the Court does not construe the changed hypothetical as supporting Plaintiff's interpretation of the sitting requirement (or of requiring a maximum standing requirement). The ALJ originally had a hypothetical with Plaintiff's RFC and additional limitations, including

PAGE 7 – OPINION AND ORDER

sitting for up to six hours, but adding standing or walking for up to four hours, with a cane needed for both standing and walking. AR 54-55. The VE opined that limitation would preclude employment in light work but that there would be "clerical sedentary jobs" available, emphasizing the need for a cane while standing as the problem. AR 55-56. The ALJ then adjusted the hypothetical to needing a cane only for walking. AR 56. The VE testified that under the revised hypothetical there would be a number of light jobs available. *Id.* In the final RFC, however, the ALJ did not include any restriction on standing or walking or a requirement for a cane.

  Plaintiff construes this sequence of events as evidence that the ability to stand on the job was central to the VE's findings. The Court, however, construes that the importance was the requirement that the employee not need a cane while standing. Regardless, that misses the point. The point is whether the ALJ placed a two-hour *time limit* on Plaintiff's ability to stand or walk in the RFC. The ALJ did not. Further, although the ALJ gave a hypothetical to the VE that placed a four-hour time limit on Plaintiff's ability to stand and walk, in the RFC the ALJ placed *no* time limit on Plaintiff's ability to stand and walk. Nor did the ALJ require the use of a cane in walking or standing. Thus, the hypothetical given to the VE was more restrictive than the RFC and inured to Plaintiff's benefit.[2]

  Plaintiff fails to demonstrate that the phrase "in order to sit up to 6 hours" carries an inference of the duration Plaintiff can stand or walk. To the contrary, this phrase only limits how long Plaintiff can sit and speaks nothing to her ability to stand or walk. The ALJ specifically found an RFC for "light work" with additional limitations, none of which included a maximum time for standing or walking. The "light work" category includes a restriction that a person can

---

[2] Plaintiff does not challenge the RFC.

only "stand or walk for up to six hours in an eight-hour workday." SSR 83-10, 1983 WL 31251, at *5. By this rule, the "light work" category serves as the only limit on Plaintiff's standing and walking.

The ALJ added a sit/stand option and sitting restriction because these reflect the ALJ's review of the record and finding that Plaintiff suffered from nerve damage and neuropathy that are upset by prolonged sitting without moving. AR 24. The hypothetical the ALJ gave to the VE included all of Plaintiff's functional limitations (and more) and was, therefore, proper.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 7th day of December, 2022.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge